UNITES STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF L.A

2017 NOV ·6   AM 10: 07

SIGN. KAH
BY DEPUTY CLERK

LAURA CAMPBELL; EMELDA GRAY PIERCE;
MARY ANN GRAY; RICHARD GRAY; PAULA MURRAY;
JOSEPH WEBER; DEBORAH WEBER; TERRANCE COLA;
BRENDA COLA; MICHELLE JAMES; ELIZABETH JAMES;
RON JAMES; MICHELLE DAVIS; SHANTRELL DIXON;
KYLA JONES

CIVIL ACTION

V.

JOHN BEL EDWARDS IN HIS OFFICIAL CAPACITY AS                    SEC   MAG
GOVERNOR OF THE STATE OF LOUISIANA;
JEFF LANDRY IN HIS OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF THE STATE OF LOUISIANA;
TOM SCHEDLER IN HIS OFFICIAL CAPACITY AS
SECRETARY OF STATE OF LOUISIANA

## COMPLAINT

This is a class action for declaratory and injunctive relief, by which *pro se* Plaintiff Laura Campbell, acting on her own behalf, as well as other Pro Se Plaintiffs named herein, who will seek class certification, aim to enjoin violations of the Fourteenth and Fifteenth Amendments to the United States Constitution and violations of Sections 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973. The action is also brought in accordance with the provisions of 42 USC §1983, which prohibits state actors from violating the constitutional rights of United States citizens.

Specifically, Plaintiffs seek relief declaring the current method of judicial elections in St. John the Baptist Parish unconstitutional and, further, seek entry of an injunction prohibiting judicial elections in the parish, until such time as remedial legislation, providing for at-large election of judges, can be passed.

## JURISDICTION & VENUE

1.  Pursuant to 42 U.S.C. §§ 1973, 1983, and 1988, this Court has jurisdiction to afford Plaintiffs the judicial relief they seek.

2.  Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b).

3.  This Court has jurisdiction to grant both declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

### Plaintiffs

4.  Pro Se Plaintiff Laura Campbell is an American citizen, who racially identifies as Black/African American, and who is a qualified elector and a registered voter in the Parish of St. John the Baptist, State of Louisiana, the geographic region that is the subject of a judicial election plan whose initial implementation c. 1993, and over the roughly twenty-four (24) years that it has been in effect, has violated the Constitutional rights of Plaintiff and other residents situated similarly to her in St. John the Baptist Parish.

5.  Pro Se Plaintiff Emelda Gray Pierce is an American citizen, who racially identifies as Black/African American, and who is a qualified elector and a registered voter in the Parish of St. John the Baptist, State of Louisiana, the geographic region that is the subject of a judicial election plan whose initial implementation c. 1993, and over the roughly twenty-four (24) years that it has been in effect, has violated the Constitutional rights of Plaintiff and other residents situated similarly to her in St. John the Baptist Parish.

6.  Pro Se Plaintiff Mary Ann Gray is an American citizen, who racially identifies as Black/African American, and who is a qualified elector and a registered voter in the Parish of St. John the Baptist, State of Louisiana, the geographic region that is the subject of a judicial election plan whose initial implementation c. 1993, and over the roughly twenty-four (24) years that it has been in effect, has violated the Constitutional rights of Plaintiff and other residents situated similarly to her in St. John the Baptist Parish.

7.  Pro Se Plaintiff Richard Gray is an American citizen, who racially identifies as Black/African American, and who is a qualified elector and a registered voter in the Parish of St. John the Baptist, State of Louisiana, the geographic region that is the subject of a judicial election plan whose initial implementation c. 1993, and over the roughly twenty-four (24) years that it has been in effect, has violated the Constitutional rights of Plaintiff and other residents situated similarly to her in St. John the Baptist Parish.

8.  Pro Se Plaintiff Paula Murray is an American citizen, who racially identifies as Black/African American, and who is a qualified elector and a registered voter in the Parish of St. John the Baptist, State of Louisiana, the geographic region that is the subject of a judicial election plan whose initial implementation c. 1993, and over the roughly twenty-four (24) years

that it has been in effect, has violated the Constitutional rights of Plaintiff and other residents situated similarly to her in St. John the Baptist Parish.

9.  Pro Se Plaintiff Joseph Weber is an American citizen, who racially identifies as Black/African American, and who is a qualified elector and a registered voter in the Parish of St. John the Baptist, State of Louisiana, the geographic region that is the subject of a judicial election plan whose initial implementation c. 1993, and over the roughly twenty-four (24) years that it has been in effect, has violated the Constitutional rights of Plaintiff and other residents situated similarly to her in St. John the Baptist Parish.

10. Pro Se Plaintiff Deborah Weber is an American citizen, who racially identifies as Black/African American, and who is a qualified elector and a registered voter in the Parish of St. John the Baptist, State of Louisiana, the geographic region that is the subject of a judicial election plan whose initial implementation c. 1993, and over the roughly twenty-four (24) years that it has been in effect, has violated the Constitutional rights of Plaintiff and other residents situated similarly to her in St. John the Baptist Parish.

11. Pro Se Plaintiff Terrance Cola is an American citizen, who racially identifies as Black/African American, and who is a qualified elector and a registered voter in the Parish of St. John the Baptist, State of Louisiana, the geographic region that is the subject of a judicial election plan whose initial implementation c. 1993, and over the roughly twenty-four (24) years that it has been in effect, has violated the Constitutional rights of Plaintiff and other residents situated similarly to her in St. John the Baptist Parish.

12. Pro Se Plaintiff Brenda Cola is an American citizen, who racially identifies as Black/African American, and who is a qualified elector and a registered voter in the Parish of St. John the Baptist, State of Louisiana, the geographic region that is the subject of a judicial election plan whose initial implementation c. 1993, and over the roughly twenty-four (24) years that it has been in effect, has violated the Constitutional rights of Plaintiff and other residents situated similarly to her in St. John the Baptist Parish.

13. Pro Se Plaintiff Michelle James is an American citizen, who racially identifies as Black/African American, and who is a qualified elector and a registered voter in the Parish of St. John the Baptist, State of Louisiana, the geographic region that is the subject of a judicial election plan whose initial implementation c. 1993, and over the roughly twenty-four (24) years that it has been in effect, has violated the Constitutional rights of Plaintiff and other residents situated similarly to her in St. John the Baptist Parish.

14. Pro Se Plaintiff Elizabeth James is an American citizen, who racially identifies as Black/African American, and who is a qualified elector and a registered voter in the Parish of St. John the Baptist, State of Louisiana, the geographic region that is the subject of a judicial election plan whose initial implementation c. 1993, and over the roughly twenty-four (24) years that it has been in effect, has violated the Constitutional rights of Plaintiff and other residents situated similarly to her in St. John the Baptist Parish.

15. Pro Se Plaintiff Ron James is an American citizen, who racially identifies as

Black/African American, and who is a qualified elector and a registered voter in the Parish of St. John the Baptist, State of Louisiana, the geographic region that is the subject of a judicial election plan whose initial implementation c. 1993, and over the roughly twenty-four (24) years that it has been in effect, has violated the Constitutional rights of Plaintiff and other residents situated similarly to her in St. John the Baptist Parish.

16. Pro Se Plaintiff Michelle Davis is an American citizen, who racially identifies as Black/African American, and who is a qualified elector and a registered voter in the Parish of St. John the Baptist, State of Louisiana, the geographic region that is the subject of a judicial election plan whose initial implementation c. 1993, and over the roughly twenty-four (24) years that it has been in effect, has violated the Constitutional rights of Plaintiff and other residents situated similarly to her in St. John the Baptist Parish.

17. Pro Se Plaintiff Shantrell Dixon is an American citizen, who racially identifies as Black/African American, and who is a qualified elector and a registered voter in the Parish of St. John the Baptist, State of Louisiana, the geographic region that is the subject of a judicial election plan whose initial implementation c. 1993, and over the roughly twenty-four (24) years that it has been in effect, has violated the Constitutional rights of Plaintiff and other residents situated similarly to her in St. John the Baptist Parish.

18. Pro Se Plaintiff Kyla Jones is an American citizen, who racially identifies as Black/African American, and who is a qualified elector and a registered voter in the Parish of St. John the Baptist, State of Louisiana, the geographic region that is the subject of a judicial election plan whose initial implementation c. 1993, and over the roughly twenty-four (24) years that it has been in effect, has violated the Constitutional rights of Plaintiff and other residents situated similarly to her in St. John the Baptist Parish.

19. Numerosity and Commonality of Claims/Issues brought by the foregoing Pro Se Plaintiffs are sufficient to meet class certification requirements of FRCP Rule 23.

20. Pro Se Plaintiffs reside within Division A of the 40th Judicial District in and for St. John the Baptist Parish, where there are 6038 registered voters, who racially identify as Black/African American. These 6038 voters are commonly precluded from voting in judicial elections of candidates for Division B and C judgeships, in violation of the 14th and 15th Amendments and §2 of the Voting Rights Act of 1973.

**Defendants**
21. Defendant John Bel Edwards is the Chief Executive Officer of the State of Louisiana, and he is sued in his official capacity as Governor of the State of Louisiana. In his capacity as "chief executive officer of the state," Defendant Edwards also is empowered to sign legislation into law that would change the electoral method for the 40th Judicial District. La. Const. art. IV, §5(A). Defendant Edwards' role in fashioning a remedy to the instant action is similar to and consistent with former governor Buddy Roemer's appointment of a legislative task-force on judicial elections to devise a remedy in *Clark v. Edwards*, Section 2 litigation, 725 F. Supp. 285 (M.D. La. 1988).

22. Defendant Jeff Landry is the Chief Legal Officer of the State of Louisiana, and he is sued in his official capacity as the Attorney General of the State of Louisiana. As the "chief legal officer of the state," Defendant Landry is charged with asserting or protecting the rights or interests of Louisiana. La. Const. art. IV, §8. Like other executive officers of the State, Defendant Landry is required to support the U.S. Constitution, including the Fourteenth and Fifteenth Amendments to it, before executing his duties as Attorney General. 4 U.S.C. § 101.

23. Defendant Tom Schedler is the Chief Election Officer of the State of Louisiana, with authority over elections in Louisiana; he is sued in his official capacity as Louisiana Secretary of State. As the "chief election officer of the state," Defendant Schedler is responsible for, among other things, preparing and certifying the ballots for all Louisiana elections, including for elections for the 40th Judicial District; promulgating all election returns, including the returns for elections for the 40th Judicial District; promulgating and publishing all laws enacted by the legislature, including laws requiring subdistrict voting for judgeships comprising the Judicial District; and countersigning and keeping an official registry of all commissions, including commissions to the judges elected by subdistrict for the 40th Judicial District. La. Const. art. IV, §7; La. Rev. Stat. Ann. § 18:421 (2013). Defendant Schedler is specifically charged with enforcing the subdistrict method of electing judges in the 40th Judicial District, in combination with the majority vote requirement and designation of division seats for the 40th Judicial District, and will continue to exercise that duty absent redress by this Court.

24. Defendants Edwards, Landry, and Schedler are state officials charged with ensuring St. John the Baptist Parish's compliance with applicable state and federal voting laws, including the Voting Rights Act and the U.S. Constitution.

25. Defendants Edwards, Landry, and Schedler, at all times relevant to this action, acted under color of state law. These Defendants are enforcement officials maintaining, executing, and enforcing the 40th Judicial District's discriminatory subdistrict electoral method. These Defendants will continue to maintain and enforce the 40th Judicial District's discriminatory subdistrict electoral method, including through the next scheduled election for this judicial body in 2020, and thereafter, unless Pro Se Plaintiffs herein receive redress by this Court.

## STATEMENT OF FACTS

26. The Fourteenth Amendment provides that "no person shall be denied the equal protection of the laws."

27. The Fifteenth Amendment provides that the "right of citizens to vote shall not be denied or abridged by any State on the basis of race or color."

28. Section 2 of the Voting Rights Act applies to every election in which registered voters are permitted to vote. *Chisom v. Edwards*, 839 F.2d 1056, 1064 (5th Cir. 1988).

29. Section 2 of the Voting Rights Act prohibits Defendants from applying or

imposing any "voting qualification or prerequisite to voting or standard, practice, or procedure" that has either the purpose or the result of denying or abridging the right to vote "on account of race or color." 42 U.S.C. §1973(a).

30. Section 2's "totality of circumstances" standard requires an examination of whether Plaintiffs and other Black/African American residents of St. John the Baptist Parish situated similarly to them "have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice." 42 U.S.C. §1973(b).

31. St. John the Baptist Parish is a political subdivision of the State of Louisiana.

32. The 40th Judicial District is co-extensive with St. John the Baptist Parish.

33. According to July 1, 2016 population estimates of the United States Census Bureau, the total population of St. John the Baptist Parish is 43631.

34. According to the same census data, 40.6 percent of St. John the Baptist Parish's population is White; 56.4 percent of the parish's population is Black/African American.

35. LSA R.S. 13:621.40 provides that the 40th Judicial District Court, in and for St. John the Baptist Parish, shall have three (3) judges.

36. The Louisiana Constitution authorizes state legislators to modify the number of members on the 40th Judicial District, La. Const. art. V, § 15(D), as well as to revise the districts used to elect members for the 40th Judicial District.

37. The 40th Judicial District, in and for the Parish of St. John the Baptist, was subject to re-districting/sub-districting as a result of the ruling in *Clark v. Roemer*, 777 F.2d 445.

38. The ruling in *Clark v. Roemer* was decided on or about June 12, 1990.

39. Shortly after the ruling in *Clark v. Roemer* occurred, an at-large judicial election took place and resulted in the election of a Black/African American female to the bench, the Honorable Madeline Jasmine. See, Louisiana Secretary of State Official Election Results, November 6, 1990 and December 8, 1990.

40. Despite the result of the foregoing parish-wide judicial election, St. John the Baptist Parish was divided into three subdistricts—Division A, Division B, and Division C—with only those voters domiciled and residing in each district able to cast a ballot for candidates running for judgeships within each division/subdistrict.

41. Division A was comprised of a purportedly contiguous and compact area, where Black/African American voters constituted a majority, and in which there was a pattern of cohesive voting by minorities and white bloc voting, as to make the election of a minority to the bench more likely than not.

42. Divisions B and C were comprised of purportedly contiguous and compact areas where White voters constituted a majority.

43. The alleged problem of vote dilution created by election of state judges within judicial district at large in St. John the Baptist Parish did not exist in 1990, because a racial minority was elected to the bench by at-large vote.

44. In 1990, the total population of St. John the Baptist Parish was 31924, 38.1% of which was Black/African American.

45. Pro Se Plaintiffs herein reside in subdistrict A and have not been able to cast a ballot for election of a state judge in St. John the Baptist Parish, since 1990.

46. Elections for state judgeships in St. John the Baptist Parish occurred in 1993 (Special Election, resulting in Election of Hon. Mary Hotard Becnel); 1996 (Division C, only, resulting in election of Hon. J. Sterling Snowdy); 2008 (Division C, only, resulting in re-election of Hon. J. Sterling Snowdy); 2014 (Division B, only, resulting in re-election of Hon. Mary Hotard Becnel); and 2016 (Special Election, resulting in election of Hon. E. Jeffrey Perrilloux[1]).

47. The problem of vote dilution currently exists by election of state judges by subdistrict, rather than at-large, in St. John the Baptist Parish, because minorities, such as Pro Se Plaintiffs, who reside outside of Divisions B and C, are precluded from casting a vote for candidates running in these subdistricts.

48. Patterns of political cohesiveness of minority groups and bloc voting by whites do not currently exist in St. John the Baptist Parish,[2] rendering the argument for sustaining election of judicial positions by subdistrict voting, rather than at-large, untenable.

49. According to Secretary of State data, reflecting the total number of registered voters in each subdistrict A, B, and C, Blacks/African Americans comprise a majority (Division A, 6038 Black: 1813 White; Division B, 4753 Black : 4490 White; Division C, 6162 Black: 5394 White).

50.  The gross disproportion in the number of Black registered voters in Division A, when compared to Divisions B and C, is racial gerrymandering that serves no legitimate purpose in St. John the Baptist Parish in 2017 and, given the at-large election of the Hon. Madeline Jasmine in 1990, would have served no legitimate purpose in 1990.

---

[1] Judge Perrilloux ran against a black female, Nghana Lewis Gauff, in the run-off for this seat. He prevailed by a margin of 310 votes.  See Secretary of State Election data.

[2] Other elections that demonstrate this point, include the Parish Presidential elections in 2011 and 2015, which resulted in the election of the Hon. Natalie Robottom; the District Attorney election in 2014, which resulted in the election of a Black female, the Hon. Bridget A. Dinvaut; and the Sheriff elections of 2011 and 2015, which respectively resulted in the election and re-election of Michael Tregre.  See Secretary of State Election data.

**RELIEF SOUGHT**

51. Pro Se Plaintiffs hereby re-allege and incorporate by reference Paragraphs 1 – 48 above.

52. Under the totality of the circumstances, St. John the Baptist Parish's method of electing members for the 40th Judicial District by subdistrict, rather than at-large, has the purpose and effect of denying a substantial percentage of registered Black voters the opportunity to participate in the political process and to elect representatives of their choice, in violation of Section 2 of the Voting Rights Act, and the constitutional guarantees of the Fourteenth and Fifteen Amendments.

53. Unless enjoined by order of this Court, Defendants will continue to act in violation Of Section 2 of the Voting Rights Act and the constitutional guarantees of the Fourteenth and Fifteen Amendments by administering, implementing, and conducting future elections for the 40th Judicial District using a method of election, which, history shows, was never needed, and, which, if allowed to continue, violates the equal protection and voting rights of Pro Se Plaintiffs and other Black/African American residents situated similarly to them in St. John the Baptist Parish.

**PRAYER FOR RELIEF**

Wherefore Pro Se Plaintiffs herein respectfully pray that this Court enter an Order:

(1) Declaring that Defendants' method of electing members for the 40th Judicial District by subdistrict violates Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, and the Fourteenth and Fifteenth Amendments to the U.S. Constitution;

(2) Declaring that Defendants' method of electing members to the 40th Judicial has the result of denying or abridging the right to vote on account of race or color in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, and the Fourteenth and Fifteenth Amendments to the U.S. Constitution;

(3) Enjoining Defendants, their agents and successors in office, and all persons acting in concert with, or as an agent of, any Defendants in this action, from enforcing, administering, implementing, or conducting any future elections to St. John the Baptist Parish's 40th Judicial District under the current subdistrict method of election;

(4) Setting an immediate and reasonable deadline for the State of Louisiana to enact and adopt an at-large method of election for the 40th Judicial District, or, alternatively, ordering the implementation of an election system for the 40th Judicial District that complies with Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, and the voting guarantees of the Fourteenth and Fifteenth Amendments to the U.S. Constitution and any other applicable laws;

(5) Retaining jurisdiction over this action and requiring St. John the Baptist Parish to obtain preclearance, for a necessary and appropriate period of time, from this Court or the U.S. Department of Justice for any and all future changes in voting law impacting the 40th Judicial

District, upon determination that St. John the Baptist Parish has shown that the proposed changes do not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color in compliance with Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, and the Fourteenth and Fifteenth Amendments to the U.S. Constitution; and

(6) Ordering any such additional relief as the interests of justice may require.

Respectfully Submitted By:

*Laura Campbell*

Laura Campbell, Pro Se Litigant on behalf of herself and others named herein
342 St. James Place, LaPlace, LA 70068
(504) 345-5847

Summons will be requested to issue to:

John Bel Edwards in his official capacity as governor of the State of Louisiana
Office of Risk Management
State of Louisiana
1201 N. 3rd Street Baton Rouge, 70082

Jeff Landry in his official capacity as attorney general of the State of Louisiana
Attorney General, State of Louisiana
1885 N. 3rd St. Baton Rouge, LA 70802

Tom Schedler in his official capacity as secretary of state of the State of Louisiana
8585 Archives Avenue
Baton Rouge, LA 70802